IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVA BAJJALI | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-4677 |
| | § | |
| NATIONWIDE GENERAL | § | |
| INSURANCE COMPANY | § | |
|    *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Eva Bajjali v. Nationwide General Insurance Company*; Cause No. 18-DCV-256315; In the 240th Judicial District of Fort Bend County, Texas.

### I.
### BACKGROUND

Plaintiff Eva Bajjali (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 18-DCV-256315; In the 240th Judicial District of Fort Bend County, Texas on or about November 14, 2018 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1. Defendant appeared and answered on December 7, 2018, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

2. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

3. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 240th Judicial District Court of Fort Bend County, Texas.

4. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.  Diversity of Parties**

6. Plaintiff is an individual domiciled in Fort Bend County, Texas. *See* **Exhibit A**, ¶ 3. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

7. Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

8. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.  Amount in Controversy**

9. Plaintiff's Original Petition states that "total amount to perform the necessary repairs to Plaintiff's covered loss was $38,609.05, not $7,184.79, as Nationwide represented." *See* **Exhibit**

**A, ¶** 11. Plaintiff also seeks mental anguish damages, and has pled that she seeks "three times the amount of mental anguish and actual damages due to Nationwide having intentionally committed such conduct." *See* **Exhibit A, ¶** 30. Plaintiff's request for trebling of actual damages is authorized under Texas Insurance Code Chapter sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

10. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

11. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

12. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served via Certified Mail, Return Receipt Requested, this 12th day of December, 2018 to:

| | |
|---|---|
| Paul Simon<br>The Voss Law Center<br>26619 Interstate 45 South<br>The Woodlands, Texas 77380<br>paul@vosslawfirm.com | #9414 7266 9904 2061 9268 12 |

*/s/ Patrick M. Kemp*
Patrick M. Kemp

4